SCHUCK, Appellant, vs. BLODGETT and another, Respondents.

*May 5—June 1, 1920.*

*Sales: Joint adventure: Evidence.*

The evidence in this case is *held* to sustain a finding of the court that a certain carload of potatoes was sold to B. individually and not to him and a corporation.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

The appeal is from a judgment modifying and affirming a judgment of the civil court of Milwaukee county.

This action was brought by the plaintiff to recover the selling price of two carloads of potatoes, one sold on October 29, 1917, the other on November 14, 1917.

*Peter Schuck,* the plaintiff, was a produce dealer at Schleisingerville, Wisconsin, and had for many years been selling potatoes in car lots from that place. *Horace Blodgett,* one of the defendants, was in the business of buying and selling potatoes in car lots and transacted his business from North Milwaukee. The *Schroeder & Daly Company,* the other defendant, is a corporation which carried on a wholesale produce business in the city of Milwaukee. In the fall of 1917 *Horace Blodgett* and the *Schroeder & Daly Company* entered into an agreement by which they rented a warehouse in North Milwaukee for the purpose of storing and dealing in cabbage, onions, potatoes, etc. The lease extended for the seven months from October 1, 1917, to May 1, 1918. The defendants alleged that while the business lasted the *Schroeder & Daly Company* furnished the

money and *Blodgett* conducted the business; that in the meantime each of the defendants continued to carry on his and its separate business as formerly.

The plaintiff alleges that on October 29, 1917, at the special instance and request of the defendants, he sold and delivered 523 bushels of potatoes to defendants at the agreed price of $1.17 per bushel; and that on November 14, 1918, at the special instance and request of defendants, he sold and delivered 766 bushels of potatoes to defendants at the agreed price of $1.05 per bushel; that of the sums owing to plaintiff for such potatoes he has received $500, and that there is still due him the sum of $916.21.

The *Schroeder & Daly Company* admit that *Blodgett* and the *Schroeder & Daly Company* purchased 523 bushels of potatoes from plaintiff and that only $500 has been paid on this account, but deny that *Blodgett* and the *Schroeder & Daly Company* participated in the purchase of the 766 bushels of potatoes on November 14th. They admit that the firm still owes plaintiff $111.91 on the purchase of October 29th.

*Horace Blodgett,* in a separate answer to plaintiff's complaint, admits the purchase of October 29th, but claims that only 511 bushels of potatoes were delivered instead of the 523 claimed by the plaintiff; admits the purchase of potatoes from plaintiff on November 14th, but claims the amount purchased was 716 bushels instead of 766; alleges that at the time of these purchases he was acting pursuant to the written agreement between himself and the *Schroeder & Daly Company.* As a counterclaim *Blodgett* alleges that plaintiff owes him $3.50 on some cabbage he sold him on November 17, 1917.

The first car of the potatoes in question was shipped from Schleisingerville to North Milwaukee and its contents were placed in the warehouse used for the joint business of *Blodgett* and the *Schroeder & Daly Company* and sold therefrom. The second car was never shipped to North Mil-

waukee, but was shipped to Chicago, where it was sold to Doretti Brothers, former customers of *Blodgett*. The *Schroeder & Daly Company* alleges that the second car was bought by *Blodgett* for his personal business which he conducted aside from their joint business and that they were in no way interested in this transaction. The civil court decided that the second car, the shipment of November 14th, was sold and delivered to the joint enterprise. The *Schroeder & Daly Company* appealed to the circuit court. The circuit court, upon the record and the evidence taken in the civil court, found that the evidence failed to show any connection between the plaintiff and the *Schroeder & Daly Company* on account of the purchase of the November car of potatoes. Judgment was thereupon entered in the circuit court against the defendant *Horace Blodgett* for the aggregate unpaid price of both cars, with costs, and against the defendant *Schroeder & Daly Company* for the unpaid balance of the first car, less costs accruing to said defendant subsequent to its offer of judgment. This is an appeal from such judgment.

W. O. Meilahn of Milwaukee, for the appellant.

For the respondent *Schroeder & Daly Company* there was a brief by *Churchill, Bennett & Churchill* of Milwaukee, and oral argument by *W. H. Churchill*.

SIEBECKER, J. In this case it is held: That the circuit court correctly found as a fact that the second carload of potatoes sold by plaintiff to *Blodgett* was a sale to him individually and that *Blodgett* and the *Schroeder & Daly Company* are not liable under their joint enterprise at North Milwaukee for the purchase price thereof to the plaintiff. It follows that the circuit court properly awarded recovery in plaintiff's favor and against *Blodgett* individually and against the *Schroeder & Daly Company* for the amounts respectively indicated in the judgment.

By the Court.—The judgment appealed from is affirmed.